NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN PETERKIN, *et al.,*<br><br>                Plaintiffs,<br><br>        v.<br><br>DAVID MCINTYRE, *et al*.,<br><br>                Defendants, | Civil Action No. 25-2137 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon *pro se* Plaintiffs Kevin Peterkin and Jasmine Hylton's Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. (ECF No. 3.) Plaintiffs seek an Order staying a Warrant of Removal. (*Id*.) Defendants have not responded as the Motion was filed *ex parte*. For the reasons set forth below, and other good cause shown, Plaintiffs' Motion is **DENIED.**

I. **BACKGROUND**

Plaintiffs reside at 425 Northam Drive in New Brunswick, New Jersey with their four minor children. (ECF No. 3 at 2.)[1] They bring this action to challenge the execution of a Warrant of Removal that was scheduled for March 28, 2025 at 8:30 am.[2] (*Id.*)

Plaintiffs entered into a lease with Defendant ABQO Management, LLC in March 2024. (*Id.*) In October 2024, Plaintiffs allege that they began withholding rent due to "unaddressed safety concerns." (ECF No. 1 at 7.) On November 29, 2024, ABQO Management initiated eviction proceedings against Plaintiffs in the Superior Court of New Jersey, Special Civil Part. (ECF No. 3-1 at 32.) In response, Plaintiffs filed various motions, including a motion to dismiss, a motion to vacate, and a motion for reconsideration "based on fraud, procedural defects, and retaliation," all of which were denied by the court. (ECF No. 1 at 7.) With regards to Plaintiffs challenge of the implied warranty of habitability, the court scheduled a hearing to address Plaintiffs' claim, but it was cancelled due to Plaintiffs' failure to deposit their unpaid rent with the court. (ECF No. 3-1 at 35-36.) The court entered a Warrant of Removal on March 11, 2025 informing Plaintiffs that they were to vacate their rental unit by March 28, 2025 at 8:30 am. (*Id.* at 18.) Plaintiffs also filed numerous motions demanding that the Superior Court judge, a Defendant in this action, recuse himself due to bias, citing the judge's statement that Plaintiffs were "trying to live rent free." (ECF No. 1 at 8.) Those motions were denied as well. (See ECF No. 3-1 at 16.)

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2] The Court notes that the Warrant of Removal at issue was scheduled for execution on March 28, 2025 at 8:30 AM, but Plaintiffs did not file this motion until around midday. Plaintiffs do not indicate whether the Warrant was in fact executed.

On March 27, 2025, Plaintiffs filed an Application for Permission to File an Emergent Appeal with New Jersey's Appellate Division requesting that the Appellate Division stay the Warrant of Removal. *See Mcintyre v. Peterkin*, Trial Court No. MID-LT-010173-24, Ap. Div. No. A-002056-24, Notice of Appeal (N.J. Super. Ct. App. Div. March 27, 2025). The following day, Plaintiffs filed this action. (ECF Nos. 1,3.) Plaintiffs name as Defendants David McIntyre, ABQO Management, AQ 425 Northam Drive LLC, Jacob P. Davidson, Esq., Jacob C. White, Esq., Hon. J. Randall Corman, J.S.C. (in his official and individual capacity), Jamie Kelly, Court Officer (in his official and individual capacity), Superior Court of New Jersey, Middlesex Vicinage (in its official capacity) and clerks and administrative staff (in their official capacity.) (ECF No. 1 at 6.)

Plaintiffs allege that the Warrant of Removal was "procedurally defective and unlawful because . . . it was not filed or recorded in the official court docket." (ECF No. 3 at 2.) Plaintiffs state that they only discovered the Warrant of Removal on March 24, 2025, and that it was signed by Court Officer Jamie Kelly, a named Defendant here, "without proper reissuance, filing, or notice." (*Id*.) Plaintiffs allege that these actions are in violation of the Fourth and Fifth Amendments, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 3617, 42 U.S.C. § 1983, and 42 U.S.C. § 1651. (*Id*.) Furthermore, Plaintiffs claim that their four children "face immediate homelessness and irreparable harm without intervention by this Court." (*Id.*)

II. **DISCUSSION**

Because Plaintiff is proceeding pro se, the Court has the "[t]he obligation to liberally construe a pro se litigant's pleadings." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d.Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "'Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston*

3

*v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiffs request a temporary restraining order, "an extraordinary and drastic remedy" which should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). At a minimum, Plaintiffs are required to show that they are likely to succeed on the merits of their claim. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Plaintiffs have failed to show a likelihood of success on the merits because they essentially seek review of the state court eviction proceedings. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Worthless Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id*. at 166.

All four of the *Rooker-Feldman* doctrine prerequisites are met here. Plaintiffs are arguing that the state court judgement was improper due to procedural deficiencies, an issue which was

4

already litigated in state court. (*See* ECF No. 31 at 37-38.) In filing their Motion, Plaintiffs are essentially asking this Court to relitigate these issues, which *Rooker-Feldman* bars. *See Bierley v. Abate*, 661 Fed. Appx. 208 (2016) (finding that federal courts lack jurisdiction to consider an action concerning a state court eviction order under *Rooker-Feldman*); *Kuznicki v. Nat'l Church Residences of Penn Hills, PA*, No. 23-2143, 2024 WL 129842, at *3 (W.D. Pa. Jan. 11, 2024) ("[T]he Court ... cannot directly or indirectly review, negate, void or provide relief that would invalidate the judgment of eviction."); *Levine v. Fin. Freedom*, Civ. No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018) (stating that *Rooker-Feldman* strips the Court of jurisdiction to grant a plaintiff's TRO when the plaintiff is asking the Court to reject, or at the least disturb, the final foreclosure judgment).

The fact that Plaintiffs cite various independent constitutional and federal claims does not overcome *Rooker-Feldman*'s jurisdictional bar. *See Middlebrook At Monmouth v. Liban*, 419 F. App'x 284, 286 (3d Cir. 2011) (finding that although the plaintiff "described, among other things, alleged due process violations by the trial judge, they were not independent claims . . . [because h]e presented them in support of his claim that the state court judgment should be overturned").[3] The statutory and constitutional violations Plaintiffs allege depend on a finding that the state Warrant of Removal is illegal which "requires deciding the state court was wrong in entering the

---

[3] Furthermore, while Plaintiffs list nine causes of action under various statutory and constitutional provisions, (*see* ECF No. 1 at 8), they fail to allege any facts setting forth how the Defendants are liable. *See Rosado v. City of Chester Cnty., Pa.*, Civ. No. 24 3802, 2025 WL 364069, at *4, n.12 (E.D. Pa. Jan. 31, 2025) (stating that pro se plaintiff's "passing reference" to the "FHA, ADA, the Due Process Clause, various HUD regulations, and claims sounding in state tort and/or contract law" is "not sufficient to raise claims under these principles"). Because "the Complaint does not allege any factual basis for these claims, [ ] the Court need not address them further." *Id*.

5

[Warrant of Removal]." *Laychock v. Wells Fargo Home Mortg.*, Civ. No. 07-4478, 2008 WL 2890962, at *5 (E.D. Pa. July 23, 2008), *aff'd sub nom. Laychock v. Wells Fargo Home Mort.*, 399 F. App'x 716 (3d Cir. 2010); *see also In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (finding that the plaintiff's federal due process action brought to undermine state foreclosure judgement was precluded under *Rooker-Feldman* because "she could not prevail on her federal claim without obtaining an order that "would negate the state court'[s] judgment[ ]") (internal citations omitted).

Furthermore, federal courts consistently rule that the Anti-Injunction Act precludes a federal court from enjoying state court eviction or foreclosure proceedings.[4]  *See Wells Fargo*

---

[4]  While actions arising under § 1983 qualify under the Anti-Injunction Act's "expressly authorized exception," at this preliminary stage on an *ex parte* motion for a TRO, it appears that Plaintiffs fail to state a claim under § 1983 to make a finding of likelihood of success. *Ramapough Mountain Indians, Inc. v. Twp. of Mahwah*, Civ No. 18-09228, 2018 WL 10374641, at *2 (D.N.J. June 11, 2018) (citing *Mitchum v. Foster*, 407 U.S. 225 (1972). ABQO Management, AQ 425 Northam Drive LLC, Macintyre, Davidson, and White are all private actors, not state actors. While private individuals may be liable when they conspire with or engage in joint activity with state actors, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), Plaintiffs make no such allegations that these Defendants engaged in a conspiracy to deprive them of their rights.  All of Plaintiffs' allegations relating to Judge Corman pertain to his duties as a judge presiding over the state court proceeding and is therefore entitled to absolute judicial immunity for any claims against him in his individual capacity. *Malhan v. Katz*, 830 F. App'x 369, 371 (3d Cir. 2020) ("Absolute immunity applies [to judges] so long as the suit challenges a judicial act that was not taken in the clear absence of all jurisdiction.")  The Eleventh Amendment immunizes the claims against the Superior Court of New Jersey, Jamie Kelly, Judge Corman, and the clerks and administrative staff in their official capacities. *Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009). While the Eleventh Amendment does not bar official capacity claims that request prospective injunctive relief, *Ex Parte Young*, 209 U.S. 123 (1908), the Warrant of Removal was scheduled to be executed prior to Plaintiffs' filing of this Motion. Because Plaintiffs have not alleged that the execution was delayed, the request appears to be moot. Furthermore, the Complaint does not plead specific facts that demonstrate a plausible entitlement to relief under § 1983 given that Plaintiffs fail to specify which constitutional right each individual Defendant is alleged to have violated or the basis for such a violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2007).  None of the other causes of action brought by Plaintiffs fall under the Anti-Injunction Act's "expressly authorized exception" to demonstrate a likelihood of success on Plaintiff's motion.

*Bank, N.A. v. Washington,* Civ. No. 23-617, 2023 WL 5277863, at *2 n.2 (D.N.J. Aug. 16, 2023) (noting that "the Anti-Injunction Act barred the plaintiff's request to stay state court foreclosure proceedings"); *Frankel v. Guzman*, Civ. No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) ("[S]everal district courts in this Circuit have held that [t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." (internal quotations omitted) (collecting cases); *Liggon-Redding v. Generations*, Civ. No.14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) ("Generally, federal courts lack the authority to stay any state court proceedings, including Eviction Actions.") (internal citations omitted); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent [the p]laintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action.").

Accordingly, Plaintiffs' request for a temporary restraining order will be denied. The Court refrains from ruling on the Preliminary Injunction until Defendants receive adequate notice of the litigation and have an opportunity to be heard.

### III.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 31st day of March **ORDERED** as follows:

1. Plaintiffs' *ex parte* Motion for a Temporary Restraining Order (ECF No. 3) under Rule 65(b) is **DENIED** for the reasons stated herein.

2. The Court will consider Plaintiffs' request for preliminary injunctive relief after the parties are served in accordance with Court rules.

3. Plaintiffs shall serve Defendants with a copy of this Memorandum Opinion when effectuating service.

7

4. The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** Plaintiff's Motion (ECF No. 3).

Dated: March 31, 2025

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**