NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN PETERKIN and JASMINE HYLTON, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MCINTYRE *et al.*, <br><br> Defendants. | Civil Action No. 25-02137 (GC) (JBD) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiffs Kevin Peterkin and Jasmine Hylton's Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction pursuant to Federal Rule of Civil Procedure (Rule) 65. (ECF No. 47.) The Court has carefully reviewed Plaintiffs' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b); and

  **WHEREAS** Plaintiffs' eleven-count Amended Complaint asserts various federal and state law claims arising from an allegedly unlawful eviction.[1] (ECF No. 9); and

  **WHEREAS** Plaintiffs now seek injunctive relief related to the storage of their personal property. (*See generally* ECF No. 47.) Plaintiffs' property appears to have been placed in a storage unit at "Extra Space Storage" following Plaintiffs' eviction. (*See* ECF No. 47-7 at 11.[2]) Plaintiffs argue that a mouse infestation in the storage unit "is actively and continuously destroying

---

[1]   The Court has jurisdiction under 28 U.S.C. § 1331.

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiffs' property" and that "Extra Space Storage could initiate a lien sale of Plaintiffs' property at any moment, resulting in the permanent and irreversible loss of critical evidence in this case." (ECF No. 47 at 11.) Plaintiffs seek an order enjoining Extra Space Storage from "selling, disposing of, altering, or disturbing the contents of [Plaintiffs'] storage unit." (*Id.* at 18.) Plaintiffs also seek to compel Extra Space Storage to "provide Plaintiffs with supervised access to the unit" and to "commence professional pest control treatment of the unit." (*Id.* at 19); and

**WHEREAS** a plaintiff seeking a TRO or preliminary injunction must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017); *see also HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, *7 (D.N.J. June 2, 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); and

**WHEREAS** "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Barnes v. Edwards*, Civ. No. 13-4239, 2014 WL 3953189, at *3 (D.N.J. Aug. 13, 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)); and

**WHEREAS** the Court is unpersuaded it has the authority to impose an injunction against Extra Space Storage, as it is not a party to this action. *See NovaSeptum AB v. Amesil, Inc.*, Civ. No. 05-5175, 2010 WL 5620906, at *3 (D.N.J. Dec. 29, 2010) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated."); *Cordero v. Emrich*, Civ. No. 20-5654, 2025 WL 1747068, at *2 (D.N.J. Mar. 6, 2025) ("[A] court has no power to issue a preliminary injunction against a non-party."); *Kramer v. City of New Kensington*, Civ. No. 13-606, 2014 WL 5464848, at *3 (W.D. Pa. Oct. 27, 2014) ("The general

2

rule is that a court may not enter an injunction against a person who has not been made a party to the case before it.") (citation modified); *Sczesny v. New Jersey*, Civ. No. 22-2314, 2022 WL 2047135, at *16 (D.N.J. June 7, 2022) ("The Court will not issue a TRO or preliminary injunction to a non-party . . . ."); and

  **WHEREAS** Plaintiffs rely on Rule 65(d)(2)(C) for the proposition that the Court may properly enjoin Extra Space Storage because it is "in active concert or participation" with Defendant David McIntyre, Plaintiffs' former landlord. (*See* ECF No. 47 at 18.) But courts have rejected this interpretation of Rule 65(d)(2)(C), instead holding that the Rule allows non-parties who assist a party in violating an injunction to be held in contempt. *See Goddard Sys., Inc. v. Gondal*, Civ. No. 17-1003, 2018 WL 1566570, at *32 (D. Del. Mar. 29, 2018) ("[E]ven had the [c]ourt determined to enjoin [the d]efendants pursuant to the instant motion, it would not have been permitted to now have enjoined non-party [i]ntervenors from doing anything. At most, were [the non-parties] to have engaged in future 'active concert and participation' with [the d]efendants that violated any of the terms of any issued injunction, then [i]ntervenors could then have been subject to a contempt proceeding and, ultimately, a contempt finding."); *Kramer*, 2014 WL 5464848, at *3 ("To the extent that [the plaintiff] seeks to enjoin non-parties in this litigation, a non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting in active concert or participation with the party *against whom injunctive relief is sought*." (citation modified) (emphasis added); *see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (Fed. Cir. 1996) ("[T]hose who act in concert with an enjoined party may be held in contempt, but only for assisting the enjoined party in violating the injunction."); and

  **WHEREAS** Plaintiffs also fail to meet their burden to show they are likely to succeed on the merits of their claims. *See Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, Civ. No. 17-4789, 2017

3

WL 4782807, at *2 (D.N.J. Oct. 20, 2017) ("[T]he party seeking a preliminary injunction bears the burden of establishing its entitlement to such extraordinary relief."). In their brief, Plaintiffs argue that non-party Extra Space Storage's "conduct demonstrates a pattern of bad faith that violates their own corporate governance standards." (ECF No. 47 at 7.) But Plaintiffs make no arguments with respect to their likelihood of success on their underlying claims in this case. *See McGillvary v. Long*, Civ. No. 24-9507, 2025 WL 490542, at *3 (D.N.J. Feb. 13, 2025) (denying request for injunctive relief where the plaintiff "fail[ed] to establish that he will successfully prevail on the underlying claims that he advances in this lawsuit"); *Scutella v. Erie Cnty. Prison*, Civ. No. 23-00116, 2023 WL 8935252, at *2 (W.D. Pa. Dec. 1, 2023), *report and recommendation adopted*, Civ. No. 23-116, 2023 WL 8934880 (W.D. Pa. Dec. 27, 2023) (denying motion for injunctive relief where the plaintiff's motion provided "no support for a finding that he [was] likely to succeed on the merits of the claims asserted in this action"); and

**WHEREAS** "[a] failure to show a likelihood of success . . . must necessarily result in the denial of a preliminary injunction." *Thomas v. Blocker*, 799 F. App'x 131, 133 (3d Cir. 2020)[3]; and for other good cause shown;

**IT IS** on this 26th day of November, 2025 **ORDERED** as follows:

1. Plaintiffs' Motion for a TRO and Preliminary Injunction (ECF No. 47) is **DENIED**.

---

[3] "The standard for a preliminary injunction and a TRO is the same." *Mirashi v. Doe*, Civ. No. 251805, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025).

2. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 47.

*/s/ Georgette Castner*
_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**