UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN PETERKIN AND JASMINE HYLTON, | Civ. No. 25-2137 (GC)(JBD) |
| Plaintiffs, | MEMORANDUM ORDER |
| v. | |
| DAVID MCINTYRE, *et al.*, | |
| Defendants. | |

Before the Court are three motions brought by *pro se* plaintiffs Kevin Peterkin and Jasmine Hylton. [Dkts. 16, 27, 35.] Defendants have opposed only the third motion.

## I.    BACKGROUND

The Court recounts the facts and procedural history as necessary to address each of the pending motions.

***The State Court Proceedings.*** Plaintiffs resided at 425 Northam Drive in New Brunswick, New Jersey with their four minor children. [Dkt. 3] at 2. In March 2024, defendant David McIntyre, on behalf of ABQO Management LLC ("ABQO"), entered into a one-year lease with plaintiffs. [Dkt. 3-1] at 40-48. In October 2024, plaintiffs began withholding rent because of "unaddressed safety concerns." [Dkt. 1] at 7.

Not long after, ABQO initiated eviction proceedings against plaintiffs for non-payment of rent in the Superior Court of New Jersey, Special Civil Part. [Dkt. 1] at 7-9; [Dkt. 3-1] at 15. Plaintiffs made several efforts to avoid eviction in

the Special Civil Part action, but their efforts were unsuccessful.  [Dkt. 1] at 7-8; [Dkt. 3-1] at 16, 34-39.  The Special Civil Part action continued and ABQO requested a warrant of removal to repossess the premises.  [Dkt. 3-1] at 16-17. On March 27, 2025, plaintiffs filed an emergent appeal in the Appellate Division of the Superior Court.  Later, the Appellate Division denied the plaintiffs' emergent application for a stay and separately affirmed the judgment of possession and warrant of removal.  *McIntyre v. Peterkin*, App. No. 2056-24, 2026 WL 346178, at *5 (N.J. Sup. Ct. App. Div. Feb. 9, 2026).

*This Action.*  On March 28, 2025—the day after plaintiffs filed their emergent appeal in the Appellate Division—plaintiffs initiated this federal action by filing a complaint asserting nine causes of action under various statutory and constitutional provisions against ABQO, AQ 425 Northam Dr LLC ("AQ 425"), David McIntyre, Jacob P. Davidson, the Honorable J. Randall Corman, J.S.C., Jamie Kelly, and the Superior Court of New Jersey, Middlesex Vicinage.  [Dkt. 1.] The same day, plaintiffs also filed a motion for a temporary restraining order and preliminary injunction seeking an order staying the warrant of removal.  [Dkt. 3.] The Court denied the motion for a temporary restraining order under the *Rooker–Feldman* doctrine and because the Anti-Injunction Act precludes federal courts from enjoining state court eviction and foreclosure proceedings.  [Dkt. 7] at 4-8.

On April 17, 2025, plaintiffs filed an amended complaint.  [Dkt. 9.] The amended complaint asserted causes of action under various statutory and constitutional provisions for damages and injunctive relief against the same

defendants and additional defendants Jacob C. White, Esq., the Superior Court of New Jersey, Middlesex Vicinage's clerks and administrative staff, the Township of North Brunswick, and North Brunswick Police Officers John Does 1-4.  [Dkt. 9.]

***Plaintiffs' First Motion to Strike.***  On May 29, 2025, White filed two notices of appearance: one on behalf of himself in his capacity as a defendant in this case; the other on behalf of co-defendant Jacob P. Davidson, Esq.  [Dkts. 12, 13.]  The notices of appearance include a signature block that identifies White as an attorney of the law firm Falk, Flotteron & Davidson, LLP; the notices indicate that the firm represents both White and Davidson.  [Dkts. 12, 13.]  (The Court notes that Davidson is an active member of the bar of this Court and a named partner in the firm.)  The same day, White filed separate motions to dismiss for lack of jurisdiction on behalf of both defendants.  [Dkts. 14, 15.]  White certified in the proof of service for both motions that he served the motions on plaintiffs by "certified and regular mail USPS, and email" and listed the plaintiffs' email addresses.  [Dkt. 14-3]; [Dkt. 15-3].

The next day, on May 30, 2025 plaintiffs filed a motion to strike in which they ask the Court to: (i) strike the two notices of appearance; (ii) declare service of the motions to dismiss by email as invalid; (iii) require compliance with Local Civil Rule 101.1 for admission and appearance; (iv) require individualized notices of appearance with client consent and sworn role clarification; and (v) impose nominal sanctions.  [Dkt. 16.]  Plaintiffs confirmed in their motion papers that they received the papers by email.  [Dkt. 16] at 5.

***Plaintiffs' Second Motion to Strike.*** On June 30, 2025, White filed additional notices of appearance on behalf of the two corporate defendants, ABQO and AQ 425. [Dkts. 20, 21.] On July 7, 2025, plaintiffs filed another motion to strike in which they ask the Court to: (i) strike or limit the appearance of White as counsel for the two corporate defendants (and Davidson); (ii) require the corporate defendants to provide proof of a valid corporate operating agreement; (iii) require the corporate defendants to use their legal entity name in the action; (iv) require the corporate defendants to retain new counsel; and (v) sanctions. [Dkt. 27.]

***Plaintiffs' Motion for Clarification Regarding Service of Process.*** In May 2025, plaintiffs sought to execute service by sheriff's officer on defendants Judge J. Randall Corman, J.S.C. and the Superior Court of New Jersey, Middlesex Vicinage. [Dkt. 35.] The affidavit of service indicates that an individual named Ian Ratzlaff purported to accept service for both judicial defendants. [Dkt. 35-1.] When neither judicial defendant answered the amended complaint, plaintiffs requested an entry of default on July 7, 2025. [Dkt. 29.] The next day, the Clerk responded to plaintiffs' request with a quality control message advising that the request for default could not be entered because service was not effected on the judicial defendants. In response, plaintiffs filed a supplemental declaration in support of their request for entry of default. [Dkt. 30.] The Clerk did not grant the request and did not enter default.

Nearly two weeks later, a deputy attorney general filed a notice of appearance on behalf of both judicial defendants and disputed that service was

4

effected, but waived service regardless. [Dkts. 33, 34.] In response, plaintiffs filed a motion for clarification regarding service on both defendants the same day. [Dkt. 35.] This motion mainly seeks clarification whether service was effected on the judicial defendants so that plaintiffs can reinstate or request the entry of default against them. [Dkt. 35.] The judicial defendants opposed the motion, arguing that any issues regarding service are moot since they have appeared and are defending the claims asserted against them. [Dkt. 37.][1]

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To prevail, the movant must demonstrate that the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or that the allegations confuse the issues." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007) (citations

---

[1]      Upon its review of plaintiffs' various motion papers, the Court offers a word of caution. Plaintiffs' briefs contain quotes, citations, and cases that this Court could not locate after careful and extensive review. For example, plaintiffs include a quote in a parenthetical to a case citation, but the Court cannot locate that quote in said case. [Dkt. 27] (including a nonexistent quote from *In re Global Const. & Supply, Inc.*, 126 B.R. 573 (E.D. Mo. 1991)). Plaintiffs' papers cite other cases that do not appear to exist. *See, e.g.*, [Dkt. 15] (citing the nonexistent case, *Champa v. Alden*, 2012 WL 3643422, at *2 (D.N.J. Aug. 23, 2012)); [Dkt. 38] (citing the nonexistent case, *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 3d 174 (D.N.J. 2020)). The Court appreciates that plaintiffs are appearing *pro se*, but that does not permit them to file papers that include citations to nonexistent cases, whether hallucinated by artificial intelligence or otherwise. This is plaintiffs' first and only warning. Any future papers that include hallucinated or artificially generated cases or quotes may result in the imposition of sanctions.

omitted) (cleaned up).  While motions to strike can, where appropriate, increase efficiency by eliminating unnecessary claims, they generally are disfavored. *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002).  Courts are reluctant to grant motions to strike for two reasons: (i) they can complicate proceedings; and (ii) they can be used to delay or harass.  *Kramer v. Reddit, Inc.*, Civ. No. 21-38, 2021 WL 4909953, at *1 (M.D. Tenn. Oct. 18, 2021) (citations omitted).[2]

## III.  ANALYSIS

### A.    Plaintiffs' First Motion to Strike

Plaintiffs' first motion to strike has several components.  The Court addresses each in turn.

*First*, plaintiffs ask the Court to strike the two notices of appearance that defendant White filed on behalf of himself, *pro se*, and separately on behalf of defendant Davidson.  Plaintiffs argue that the notices of appearance should be struck because:  (1) they lack a signature or client consent as required by Federal

---

[2]    A motion to strike that seeks to strike papers outside the pleadings is not technically a Rule 12(f) motion. *United States v. Kramer*, 757 F. Supp. 397, 409 (D.N.J. 1991) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed. 1990)).  Even so, courts routinely consider the substance of such motions despite there being no procedural vehicle to strike non-pleading material. *See N. Am. Specialty Ins. Co. v. Nat'l Fire & Marine Ins. Co.*, Civ. No. 10-1859 (GMN), 2013 WL 1332205, at *5 (D. Nev. Apr. 2, 2013) (relying on the district court's inherent authority when considering whether to strike a party's non-pleading submission); *City of Sterling Heights Gen. Emps. Ret. Sys. v. Hospira, Inc.*, Civ. No. 11-8332 (AJS), 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (same); *Sierra v. U.S.*, Civ. No. 97-9329 (DJS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (same) (citation omitted).

Rule of Civil Procedure 11(a); and (2) the attorneys have not proven they are admitted to the Bar of this District under Local Civil Rule 101.1(c)(4).

Rule 11(a) requires that every document filed with the Court be signed by counsel, or the party personally if he or she is proceeding *pro se*. Fed. R. Civ. P. 11(a). To be properly signed, the document must also include the relevant signer's address, email address, and telephone number. *Id.* Any unsigned documents that are not promptly corrected, are subject to being struck by the Court. *Id.* Similarly, Local Civil Rule 11.1 requires that "[i]n each case, the attorney of record who is a member of the bar of this Court shall sign all papers submitted to the Court or filed with the Clerk." L. Civ. R. 11.1.

Local Civil Rule 101.1 addresses the admission of attorneys to the Bar of this Court. Paragraph (b), entitled "New Jersey Attorneys", provides that any attorney licensed to practice in the state of New Jersey "may be admitted as an attorney at law upon completion of a sworn application submitted to the Court." L. Civ. R. 101.1(b). Paragraph (c) of the Local Rule, entitled "Appearance Pro Hac Vice; Local Counsel," governs the admission of out-of-state attorneys to represent clients in particular cases. L. Civ. R. 101.1(c). Thus, when an out-of-state attorney seeks to appear in this Court, the Local Rules require that a "member of the bar of this Court" make "an appearance as counsel of record . . . ." L. Civ. R. 101.1(c)(4).

Plaintiffs request that the Court strike White's notices of appearance, [Dkts. 12, 13], because both lack a signature or client consent. The two notices of appearance are signed by counsel (White), include his email address, his address,

7

and represent that the law firm Falk, Flotteron & Davidson, LLP represents both White and Davidson. The two notices appear to indicate that White represents himself *pro se* and also represents his co-defendant, Davidson. This, of course, is permissible because attorneys ordinarily may represent themselves *pro se* while simultaneously representing their co-parties. *See Mehdipour v. City of Oklahoma City*, 173 F.3d 864, 864 n.1 (10th Cir. 1999) (unpublished table decision) (explaining that a "pro se litigant, who is not an attorney, cannot represent other pro se parties."); *Carter v. Trumbull v. Memorial Hosp.*, Civ. No. 05-1484 (JSG), 2005 WL 1840189, at *1 (N.D. Ohio July 29, 2005) (noting that 28 U.S.C. § 1654 does not prohibit attorneys from proceeding *pro se* and simultaneously representing other parties). Accordingly, the Court will deny plaintiffs' motion to strike the notices of appearance.

However, it appears under the circumstances that the firm Falk, Flotteron & Davidson, LLP may be representing both White and Davidson insofar as both defendants are attorneys of the firm and admitted members of the bar of this Court. Yet the notices are only signed by White, so it is unclear whether White represents both himself and Davidson, or whether Davidson also represents himself *pro se*. For good order's sake, the Court will direct White and/or Davidson (as appropriate) to file supplemental notices of appearance that clarifies their representation in this case.

Plaintiffs' separate request that defendants White and Davidson provide proof that they are members of the bar of this Court lacks merit. To start, as just

discussed, it is not clear whether Davidson is representing himself or any party in this action, so there is no basis to require that he prove that he is a member of this Court's bar. In any event, the Court's own review of the roll of this Court's bar confirms that White is and has been a member of the bar of this Court since 2023 and that Davidson is and has been a member of the bar of this Court since 2018. Plaintiffs' motion to strike for failure to demonstrate active bar membership thus lacks merit.

*Second*, plaintiffs' request that the Court strike defendants' first motion to dismiss for lack of jurisdiction because it was improperly served by email is denied as moot. Regardless whether service of the motion to dismiss by email was improper, plaintiffs have not disputed receiving the papers by certified and regular mail per defendant's certificate of service. If anything, the defendants having emailed the motion papers was a courtesy to plaintiffs.

*Third*, the Court denies plaintiffs' request to impose sanctions. By virtue of its inherent authority, the Court has the power to impose attorney's fees as a sanction in narrowly defined circumstances. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Additionally, under 28 U.S.C. § 1927, the Third Circuit has noted that the Court may impose sanctions when an attorney has: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Connecticut Holding Grp.*, 287 F.3d 279, 288 (3d Cir. 2002). None of those circumstances apply here. Accordingly, sanctions are not appropriate.

9

## B.      Plaintiffs' Second Motion to Strike

Plaintiffs' second motion to strike makes several requests.  The Court addresses each in turn.

*First*, plaintiffs take issue with White's notices of appearance on behalf of the corporate defendants, ABQO and AQ 425 because they ostensibly "improperly insert[] commas and capitalization that do not match the entities' legal registration" of the parties.  [Dkt. 27] at 2.  Plaintiffs ask the Court to strike the notices because they improperly inserted commas and capitalization in the notices are not "harmless errors" and risk confusing party identity or corporate liability.  *Id.* Plaintiffs therefore seek to strike or limit the appearance of White as counsel for the corporate defendants.  [Dkt. 27] at 2-3.

The request is denied.  Both notices of appearances designate the same defendants that plaintiffs have identified in their complaint, ABQO and AQ 425. The fact that both entities have an attorney entering an appearance on their behalf in this action, after being served with plaintiffs' complaint, demonstrates there is no confusion as to the parties' identity.  Further, plaintiffs are not prejudiced in any way by the misplaced commas.

*Second*, plaintiffs seek to strike or limit the appearance of White as counsel for the corporate defendants, ABQO and AQ 425.  [Dkt. 27] at 2-3.  White's notice of appearance also indicates that the firm Falk, Flotteron & Davidson, LLP represents both ABQO and AQ 425.  For the same reasons explained above, White may represent himself *pro se* while also representing other defendants, including the

10

corporate defendants. The Court will therefore deny plaintiffs' motion to strike this notice of appearance.[3]

*Third*, plaintiffs ask the Court to require defendants to provide proof of a valid corporate operating agreement. Plaintiffs argue that the corporate defendants' failure to provide proof of an operating agreement renders their appearance procedurally void. Plaintiffs are mistaken. Federal Rule of Civil Procedure 7.1 only requires a corporate party to file a corporate disclosure statement in actions based on diversity jurisdiction. Fed. R. Civ. P. 7.1(a)(2). This rule is inapplicable here because this action is based on federal question, not diversity, jurisdiction. [Dkt. 9.] Accordingly, the corporate defendants are not required to file a Rule 7.1 corporate disclosure statement or provide proof of a corporate operating agreement.

*Finally*, for the same reasons explained above, the Court declines to impose sanctions.

### C.    Plaintiffs' Motion for Clarification of Service

Plaintiffs ask the Court to declare that service on the judicial defendants was valid and to reinstate or proceed with plaintiffs' request for an entry of default against those defendants. The judicial defendants argue that service was not properly effected because Ratzlaff, who purported to accept service for those

---

[3]    If the supplemental notice of appearance that the Court directs above clarifies that Davidson also is representing the corporate defendants in this case, a similar clarifying notice should be filed on behalf of the corporate defendants as well.

11

defendants, was not authorized to do so.  In any event, the judicial defendants argue that the issue is moot because they have now waived service.  Because of their *pro se* status, plaintiffs ask the Court to construe New Jersey's service rules liberally to determine that service was proper even if Ratzlaff was not authorized to accept service for the judicial defendants.

For starters, even if service on the judicial defendants was properly effected by Ratzlaff's acceptance of service, the Court would not grant plaintiffs' request for an entry of default now.  Courts are reluctant to dispose of substantial controversies by default.  *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966).  Thus, when a defendant appears and defends against the action, courts have discretion to not enter default to promote deciding cases on the merits.  *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) ("Sound judicial policy favors disposition of cases on their merits rather than on procedural defaults."); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (requiring district courts to set aside default in "doubtful cases" to promote adjudication on the merits).  Both Judge Corman and the Middlesex Vicinage are represented by counsel and are defending the action against them.  The Court will not ignore their appearance and active defense of the suit against them.

Further, the Court agrees with the judicial defendants that service was not properly effected.  Under Federal Rule of Civil Procedure 4, to serve a state governmental organization, a copy of the summons and complaint must be:

12

(i) delivered to the organization's chief executive officer; or (ii) delivered in accordance with state law.  Fed. R. Civ. P. 4(j)(2).  New Jersey Court Rule 4:4-4 provides that, to serve a public body, other than the State of New Jersey itself, a copy of the summons and complaint may be:  (i) personally served; (ii) left with a competent member of the household at the individual's dwelling place; (iii) delivered to a person authorized to accept service on the individual's behalf; or (iv) "on the presiding officer or on the clerk or secretary thereof[.]"  N.J. Ct. R. 4:4-4(a)(1), (8).  The presiding judicial officer of a New Jersey Superior Court vicinage is the vicinage's Assignment Judge, N.J. Ct. R. 1:33-4(a), and the presiding administrative officer of the vicinage is its Trial Court Administrator, N.J. Ct. R. 1:33-5(a).

Ratzlaff holds no position that would render his acceptance of service effective on either Judge Corman or the Middlesex Vicinage.  Ratzlaff is the Civil Division Manager for Middlesex County; not the Trial Court Administrator, Assignment Judge, or a clerk or secretary of Judge Corman.  Further, plaintiffs provide no information that Ratzlaff is authorized by appointment or law to accept service on behalf of either judicial defendant.  Thus, service on the judicial defendants was not properly effected through Ratzlaff's putative acceptance.  The Court declines to bend New Jersey's Court Rules to render service effective.

Finally, as the judicial defendants have waived service, the issue of the propriety of the service is now moot.  The judicial defendants were not served properly, despite plaintiffs' good faith attempt to do so.  When the judicial defendants became aware of plaintiffs' action against them, they waived service and

13

responded to the operative complaint.  This case will now move forward in the ordinary course.  Plaintiffs' motion for clarification of service is denied.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS** on this **26th** day of **June, 2026**,

**ORDERED** that plaintiff's motion to strike [Dkt. 16] is **DENIED**; and it is further

**ORDERED** that plaintiffs' motion to strike [Dkt. 27] is **DENIED**; and it is further

**ORDERED** that no later than **July 3, 2026**, defendants White and Davidson shall file a supplemental notice clarifying their representation in this action; and it is further

**ORDERED** that should either or both defendants White and Davidson appear *pro se*, they must sign all documents filed in this Court in a manner consistent with Federal Rule of Civil Procedure 11 and Local Civil Rule 11.1; and it is further

**ORDERED** that plaintiffs' requests for sanctions is **DENIED**; and it is further

14

**ORDERED** that plaintiffs' motion for clarification of service [Dkt. 35] is

**DENIED**.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

15